## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMEN RIVERA, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:14-CV-874 (JCH) |
| v. | : | |
| | : | |
| HOSPITAL OF SAINT RAPHAEL, | : | |
| Defendant/Apportionment | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | DECEMBER 3, 2014 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Apportionment Defendant. | : | |

**RULING RE: PLAINTIFF'S MOTION TO DISMISS THE APPORTIONMENT COMPLAINT (Doc. No. 15) and APPORTIONMENT DEFENDANT'S MOTION TO DISMISS THE APPORTIONMENT COMPLAINT (Doc. No. 12)**

## I.    INTRODUCTION

Apportionment defendant United States of America (the "government") and plaintiff Carmen Rivera filed separate Motions to Dismiss the Apportionment Complaint (Doc. Nos. 12 and 15, respectively), arguing that this court lacks jurisdiction either because sovereign immunity bars apportionment actions against the government or, alternatively, because of the doctrine of derivative jurisdiction.  Plaintiff Hospital of Saint Raphael ("HSR") asserts that this court has jurisdiction over the case and that Congress waived sovereign immunity with the Federal Tort Claims Act (the "FTCA") with respect to apportionment actions.

For the reasons that follow, the government's and Rivera's Motions to Dismiss are granted.

1

## II.     BACKGROUND

Carmen Rivera filed an Amended Complaint in state court against Fair Haven Community Health Clinic, Inc., (the "CHC") and HSR on November 4, 2013.  See Apportionment Def. Mem., Ex. A (Doc. No. 12-2) (showing the state court docket).  In the Amended Complaint, she alleges that HSR, while treating her between 2009 and 2013, failed to timely diagnose and treat her endometrial cancer.  See Notice of Removal, Ex. A, Amended Complaint, First Count, ¶¶ 1–4, (Doc. No. 1-1).

On January 27, 2014, Rivera withdrew her claims against the CHC.  See Apportionment Def. Mem., Ex. A.  HSR then filed an Apportionment Complaint against the CHC and the United States in state court.  Notice of Removal, Apportionment Compl. (Doc. No. 1-1).  The government then certified that the CHC was a health care provider under the Federally Supported Health Care Centers Assistance Act and removed the case to this court.  Notice of Removal (Doc. No. 1); see 42 U.S.C. § 233(c) (describing the scope-of-employment determination necessary for removal in certain cases against the United States); 28 U.S.C. § 1442(a)(1) (allowing the government to remove civil actions commenced in state court).

## III.    STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court dismisses a complaint for lack of subject matter jurisdiction when it lacks constitutional authority to adjudicate the suit.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court "accept[s] as true all material factual allegations in the complaint."  Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236

(1974)).  However, the court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]."  Id. (citing Norton v. Larney, 266 U.S. 511, 515 (1925)).  On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint.  Makarova, 201 F.3d at 113; see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996); In re Joint E. & So. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir. 1993).  Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits."  Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

## IV.   DISCUSSION

The government and Rivera make two arguments in support of their Motions to Dismiss.  First, they argue that sovereign immunity bars apportionment actions against the government.  Second, they argue that the doctrine of derivative jurisdiction bars the court from hearing this action.  Because the court concludes that the derivative jurisdiction doctrine applies in this case, it need not decide the sovereign immunity issue.

### A.   Derivative Jurisdiction

"[W]here a state lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case.  That is true even where the federal court would have jurisdiction if the suit were brought there."  Freeman v. Bee Mach. Co., 319 U.S. 448, 449 (1943) (internal citations omitted); see also Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922) ("The jurisdiction of the

3

federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.").

In 1985, Congress eliminated the derivative jurisdiction doctrine for the general removal statute.  See Judicial Improvements Act of 1985, Pub. L. 99-336 § 3, 100 Stat. 633 (the "1985 amendment").  The general removal statute, section 1441, allows removal for any civil action "brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The 1985 amendment inserted the following subsection into section 1441: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."

However, the government removed this case under section 1442(a)(1), not section 1441.[1]  For some time, it was unclear whether the 1985 amendment eliminated the derivative jurisdiction doctrine for all removals.  See Lopez v. Sentrillion, 749 F.3d 347, 350 & n.10 (5th Cir. 2014) ("Following this amendment, courts disagreed about whether Congress intended the abrogation of the derivative jurisdiction doctrine to extend to removals under other provisions, such as 28 U.S.C. § 1442.").  Indeed, at

---

[1] Section 1442(a)(1) states that:

A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

4

least one court of appeals held that "the policy of Congress underlying [the 1985 amendment's new subsection] supports the complete abandonment of the derivative-jurisdiction theory, even though the words of the statute clearly do not reach this far." North Dakota v. Fredericks, 940 F.2d 333, 337 (8th Cir. 1991).[2]  Others, however, limited the legislative elimination of the derivative jurisdiction doctrine to removals under section 1441.  See Edwards v. U.S. Dep't of Justice, 43 F.3d 312, 316 (7th Cir. 1994) (applying derivative jurisdiction to a section 1442 removal after the 1985 amendment); In re Elko Cnty. Grand Jury, 109 F.3d 554, 555 (9th Cir. 1997) (same); see also Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 354 (E.D.N.Y. 1999) (noting that "the weight of authority holds that the derivative jurisdiction doctrine remains applicable to removals under Section 1442(a)(1)" and citing cases).

The court need not take a stance on the effect of the 1985 amendment because Congress expressly limited the abandonment of the derivative jurisdiction doctrine to section 1441 in a later amendment.  See 21st Century Department of Justice Appropriations Authorization Act, Pub. L. 107-273 § 11020(b)(3)(A), 116 Stat. 1758, 1827 (the "2002 amendment").  As modified by the 2002 amendment, section 1441's subsection regarding derivative jurisdiction now reads: "The court to which a civil action is removed under this section is not precluded from hearing and determining any claim

_____

[2] One passing statement by the Second Circuit indicates that it may have agreed that the 1985 amendment was a complete abandonment of the derivative jurisdiction doctrine.  In Nordlicht v. New York Tel. Co., the court stated that "Congress has recently abolished the doctrine of derivative jurisdiction for claims in civil actions filed in a state court after June 19, 1986." 799 F.2d 859, 863 (2d Cir. 1986), cert. denied, 479 U.S. 1055, (1987), abrogated in part on other grounds by Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), as recognized in Marcus v. AT & T Corp., 138 F.3d 46, 55 (2d Cir. 1998).  However, the scope of the 1985 amendment's effect on derivative jurisdiction was not at issue in the case; the relevant removal in the case happened before the 1985 amendment came into effect.  In any event, this statement was made before the more recent 2002 amendment.

in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  28 U.S.C. § 1441(f) (emphasis added).

Therefore, the derivative jurisdiction doctrine continues to apply to actions removed under section 1442.  E.g., Rodas v. Seidlin, 656 F.3d 610, 619 (7th Cir. 2011) ("Given that Congress explicitly abrogated the doctrine of derivative jurisdiction only with respect to removals under Section 1441, it supports the notion that—for whatever reasons—Congress intended to keep the doctrine in place with regard to other removal provisions."); Palmer v. City Nat. Bank, of W. Virginia, 498 F.3d 236, 246 (4th Cir. 2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441."); Lopez, 749 F.3d at 351 (holding that the derivative jurisdiction doctrine continues to apply to section 1442 removals); see also 14B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 3721 (4th ed.) ("The doctrine . . . continues to apply to cases removed pursuant to other statutes such as 28 U.S.C.A. § 1442.").

Notably, only three circuits have directly ruled on the issue, and the Second Circuit is not one of them.  See Lopez, 746 F.3d at 351 & n.15 ("[W]e join both circuits to have considered the issue since the 2002 amendments . . . .").  However, the Second Circuit has recognized the existence of the derivative jurisdiction doctrine.  See Nordlicht, 799 F.2d at 863 ("Since a district court's jurisdiction is derivative in a removal context, a district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction. This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal

courts."); PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 73 (2d Cir. 1998).

Moreover, both before and after the 2002 amendment, district courts in the Second

Circuit have held that the derivative jurisdiction doctrine applies to removals under

section 1442(a)(1), and they have dismissed apportionment complaints against the

government for lack of jurisdiction based on the doctrine.  See, e.g., Kennedy v. Paul,

No. 3:12-CV-01491 (VLB), 2013 WL 5435183, at *3 (D. Conn. Sept. 30, 2013) ("The

state court had no jurisdiction over the claims against the Coast Guard Defendants at

the time of removal, and thus this Court acquired no jurisdiction over those claims when

they were removed to this Court."); Barnaby v. Quintos, 410 F. Supp. 2d 142, 143

(S.D.N.Y. 2005) ("[T]his Court lacks jurisdiction on removal because it cannot have

jurisdiction where the state court from which the action was removed lacked jurisdiction.

The state court lacked jurisdiction because, under 28 U.S.C. § 1346(b)(1) and 28 U.S.C.

§ 2679(b)(1), the third-party complaint against the Clinic defendants could only be

brought against the United States in the federal district court."); Gionfriddo v. Salaf, 343

F. Supp. 2d 109, 111 (D. Conn. 2004) ("The Superior Court had no jurisdiction over the

apportionment claim; this lack of jurisdiction was not altered by removal."); Moreland, 93

F. Supp. 2d at 355 ("In sum, because the state court lacked jurisdiction over the Third–

Party Action, this Court acquired none upon removal.").  Finally, while the Supreme

Court has not ruled on the issue in some time, it has shown no indication that its early

derivative jurisdiction cases are not to be followed.  Cf. Arizona v. Manypenny, 451 U.S.

232, 242 n.17 (1981) ("It is well settled that if the state court lacks jurisdiction over the

subject matter or the parties, the federal court acquires none upon removal, even

though the federal court would have had jurisdiction if the suit had originated there.").

7

Here, the only remedy available against the CHC and the United States is under section 2679(b)(1) of title 28 of the United States Code.  This section states that any remedy against the United States provided by sections 1346(b) and 2672 of title 28 "for injury or loss of property arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages." 28 U.S.C. § 2679.  "[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . ."  Id. § 1346(b)(1).  Because section 1346(b)(1) clearly gives federal district courts the sole jurisdiction over claims under the FTCA, the state court in this case had no jurisdiction over HSR's Apportionment Complaint.  Therefore, under the derivative jurisdiction doctrine, this court has no jurisdiction over HSR's claim for apportionment against the United States.

The court acknowledges that there are legitimate criticisms of the derivative jurisdiction doctrine.  See, e.g., Washington v. Am. League of Prof'l Baseball Clubs, 460 F.2d 654, 658–59 (9th Cir. 1972) ("One would have thought that the purpose of removal in such a case is to get the case out of the court that lacks jurisdiction to hear it and into the court that has jurisdiction, and to keep it in the latter court, so that it can be tried and a valid judgment can be entered.").  Indeed, even courts recently recognizing the doctrine have acknowledged its flaws.  See Rodas, 656 F.3d at 618–19 (describing criticism of the doctrine).[3]  Nonetheless, this court's role is not to question the judgment of Congress or the Supreme Court judgment; it is to apply the law.

---

[3] The Seventh Circuit did not ultimately apply the doctrine in Rodas, holding that it was subject to the principles of Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699 (1972) and Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996).  656 F.3d at 619–625.  However, the principles set out in Grubbs and Catepillar relate

**V.      CONCLUSION**

For the foregoing reasons, the court **GRANTS** Rivera's Motion to Dismiss the

Apportionment Complaint (Doc. No. 15) and the United States' Motion to Dismiss the

Apportionment Complaint (Doc. No. 12).

Therefore, Hospital of Saint Raphael's Apportionment Complaint (Doc. No. 1-1)

against the Fair Haven Community Health Clinic, Inc. and the United States is

dismissed.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 3rd day of December, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

only to cases in which jurisdictional or procedural defects from removal are raised on appeal after a
judgment.  See id. (discussing and applying the holdings in Grubbs and Caterpillar).